UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ABDUL BUCHANAN,

        Plaintiff,

v.

TODD WUIS, in his individual capacity, and
the CITY OF GRAND RAPIDS, a Michigan
municipal corporation,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Abdul Buchanan files this Complaint and Jury Demand against Defendants Todd Wuis and the City of Grand Rapids and says:

1.    This is a proceeding pursuant to *42 USC § 1983* to redress the violation

of rights and liberties guaranteed to Plaintiff by the *Fourth* and *Fourteenth Amendments* to the Constitution of the United States.

2. This Court has jurisdiction over this case, including Plaintiff's state-law claims, under *28 USC §§ 1331, 1343(3), 2201* and *201*.

3. Plaintiff Abdul Buchanan is an African American man who resides in Kent County, Michigan.

4. Defendant Todd Wuis is a sworn police officer of the City of Grand Rapids which is a Michigan municipal corporation and located in Kent County, Michigan which is within this Judicial District.

5. Defendant City of Grand Rapids is a Michigan municipality which operates the Grand Rapids Police Department.

6. At all times Defendant Wuis was acting under color of law. He is being sued in his individual capacity.

7. Defendant Wuis is not entitled to qualified immunity because he violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights of which any reasonable state actor would have known.

8. Defendant Wuis is not entitled to any immunity for Plaintiff's gross negligence state claim pursuant to *MCL 691.1407(1)(c)*.

9. Venue is proper within this District pursuant to *28 USC § 1391(a)(1)* and *(2),* since the events which give rise to this action all took place in Kent County,

Michigan and both Defendants are located here.

## COMMON ALLEGATIONS OF FACT

10. At all relevant times, Plaintiff Abdul Buchanan was a 16-year-old Black male.

11. On or about July 19, 2021, Defendant Officer Wuis was on patrol with his K-9 "Rico" in the City of Grand Rapids at Leonard and Monroe Streets in Grand Rapids, Michigan

12. Defendant Wuis received information about five Black males running with guns in the area of Alexander.

13. Defendant Wuis was advised that the group of suspects were involved in a spate of carjackings in Grand Rapids, one of which involved a shooting.

14. Defendant Wuis was advised that two Black males in grey sweatshirts "were the ones who had the guns."

15. While police were in the area, Plaintiff was riding a scooter on Fisk with a shirtless friend operating a second scooter.

16. Defendant Wuis and his K-9 Rico "were hiding in front of a house at the intersection of Fisk/Fuller" and instructed to make contact with Plaintiff and his shirtless friend.

17. When Plaintiff approached Fisk and Fuller Streets multiple police officers appeared and, with guns drawn, and ordered Plaintiff to stop.

3

18. Plaintiff immediately complied, came to a dead stop and raised his hands in the air in surrender.

19. Despite his immediate compliance and surrender, Defendant Wuis deployed and instructed his K-9 Rico to viciously attack and bite Plaintiff.

20. Despite Plaintiff's screams of pain, and the objections of bystanders, Defendant Wuis refused to immediately call off his K-9 Rico.

21. Defendant Officer Wuis caused Plaintiff to be charged with "Resisting and Obstructing," which charges were later dismissed because Plaintiff had not committed the manufactured offense.

## COUNT I

### USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S CLEARLY ESTABLISHED *FOURTH AMENDMENT* RIGHTS PURSUANT TO *42 USC § 1983*

22. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

23. *42 USC § 1983* provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Colombia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and shall be liable to the party injured in an action at law, suite or in equity, or other appropriate proceedings for redress.

24. Plaintiff is a citizen of the United States and Defendant Wuis is a "person" under *42 USC § 1983*.

4

25. At all times, Defendant officer Wuis was acting under color of state law and his acts or omission were conducted within the scope of his official duties or employment.

26. Plaintiff had a clearly established constitutional right under the *Fourth Amendment* to be secure in his person from unreasonable searches, seizures and excessive force by state actors like Defendant Wuis and his gratuitous deployment K-9 Rico.

27. The *Fourth Amendment* to the U.S. Constitution requires police and other state actors to use only "reasonable" force when searching and/or seizing a person.

28. When commanded by Defendant Wuis and the Grand Rapids police to come to a full stop and show his hands, Plaintiff voluntarily did so.

29. Plaintiff's voluntary, compliant, peaceful surrender and submission to law enforcement was obvious, unmistakable and clear.

30. Despite Plaintiff's voluntarily compliance, Defendant Wuis gratuitously and unreasonably used excessive force when he deployed his K-9 Rico to viciously attack Plaintiff, who was of no threat of flight or fight.

31. Plaintiff was charged with "Resisting and Obstructing" to cover-up and whitewash Defendant Wuis' unlawful deployment of his K-9 Rico.

32. The false charges of "Resisting and Obstructing" initiated by Defendant

Wuis were later dismissed.

33. As a direct and proximate result of Defendant Wuis' unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries to his bitten extremities, permanent serious disfigurement, humiliation, degradation, emotional distress, embarrassment, fear, PTSD, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Wuis in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§ 1983, 1985* and *1988*.

## COUNT II

### DISCRIMINATION BASED ON RACE IN VIOLATION OF PLAINTIFF'S GURANTEED RIGHT TO EQUAL PROTECTION UNDER THE LAW

34. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

35. The *Fourteenth Amendment's Equal Protection Clause* requires state actors to treat all persons equally without regard to gender and/or race.

36. Plaintiff, as an African American male, is part of a protected class.

37. Defendant Wuis was predisposed to treat Plaintiff differently from similarly situated persons who he had seized in the past because of Plaintiff's protected status.

38. In this case, Defendant Wuis treated Plaintiff differently from such similarly situated persons in that he deployed his K-9 Rico to attack Plaintiff because of his race.

39. Among other things, Defendant Wuis' gratuitous deployment of his K-9 Rico to attack Plaintiff, an offense of particular historical significance to persons of color, is a reflection and/or manifestation of his animus towards Plaintiff because of his protected status.

40. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries, emotional distress, humiliation, degradation, embarrassment, fear, PTSD, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Wuis in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled

including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§ 1983, 1985* and *1988*.

## COUNT III

**MONELL CLAIM AGAINST THE CITY OF GRAND RAPIDS**

41. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

42. Defendant City of Grand Rapids, as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Wuis, who use excessive force when seizing compliant citizens, like Plaintiff, and/or acquiesce and/or tolerate, the systemic use of unnecessary, unreasonable and excessive force against persons of color.

*43*. Defendant City of Grand Rapids as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Wuis, who selectively use excessive force based on race, as Plaintiff was treated in this case, in violation of the *Equal Protection Clause.*

44. At the time of the constitutional deprivations described above, the City of Grand Rapids failed to properly train and/or supervise its officers in the proper use of force, and the contours of the *Fourth and Fourteenth Amendments.*

45. As a direct and proximate result of Defendants Wuis' conduct, Plaintiff

8

endured suffering, pain, terror, pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendant City of Grand Rapids in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§ 1983, 1985* and *1988*.

## COUNT IV
## GROSS NEGLIGENCE

46. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

47. Defendant Wuis was on duty and acting within the scope of his employment with Grand Rapids when he engaged in the wrongful conduct described above and gratuitously deployed K-9 Rico to attack and bite Plaintiff who had already surrendered.

48. Defendant Wuis engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

9

49. As the direct and proximate result of Defendant Wuis' gross negligence, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries his bitten extremities, emotional distress, humiliation, degradation, embarrassment, PTSD, fear, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Wuis and the City of Grand Rapids, jointly and severally, in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§1983, 1985 an d 1988*.

    Respectfully submitted,

    *s/ Joel B. Sklar*
    Joel B. Sklar (P38338)
    500 Griswold, Suite 2450
    Detroit, MI 48226
    313-963-4529
    Attorney for Plaintiff
    Joel@joelbsklarlaw.com

|  |  |
|---|---|
|  | Todd Russell Perkins (P55623) <br> THE PERKINS LAW GROUP, PLLC <br> 615 Griswold, Suite 400 <br> Detroit, MI 48226 <br> 313-964-1702 <br> Attorneys for Plaintiff |
| Dated:  May 12, 2023 | tperkins@perkinslawgroup.net |

## **DEMAND FOR JURY TRIAL**

Plaintiff Abdul Buchanan demands a jury trial for this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702
Attorneys for Plaintiff

Dated:  May 12, 2023                            tperkins@perkinslawgroup.net