UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ABDUL BUCHANAN,

    Plaintiff,

v

TODD WUIS, in his individual capacity, and the CITY OF GRAND RAPIDS, a Michigan municipal corporation,

    Defendants.

Case No. 1:23-cv-00494

Hon. Paul L. Maloney

---

| | |
|---|---|
| Joel B. Skylar (P38338)<br>LAW OFFICES OF JOEL B. SKYLAR<br>Attorney for Plaintiff<br>500 Griswold, Suite 2450<br>Detroit, MI 48226<br>(313) 963-4529<br>joel@joelbsklarlaw.com | Elizabeth J. Fossel (P41430)<br>Director of Civil Litigation<br>Attorney for Defendants<br>300 Monroe Avenue NW, Suite 620<br>Grand Rapids, MI 49503<br>(616) 456-3802<br>efossel@grand-rapids.mi.us |
| Todd Russell Perkins (P55623)<br>PERKINS LAW GROUP, PLLC<br>Attorneys for Plaintiff<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net | |

---

**ANSWER TO COMPLAINT
AND JURY DEMAND AND AFFIRMATIVE DEFENSES**

Defendants, file this Answer to the Complaint and Jury Demand to the following:

1. This is a proceeding pursuant to 42 USC § 1983 to redress the violation of rights and liberties guaranteed to Plaintiff by the *Fourth* and *Fourteenth Amendments* to the Constitution of the United States.

**ANSWER: The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants do not contest that this action purports to be a proceeding pursuant to 42 USC § 1983 related to rights protected under the Fourth and Fourteenth Amendment. However, Defendants deny as untrue any allegation or implication that Defendants violated Plaintiff's rights under these amendments or under any other federal or state law.**

2. This Court has jurisdiction over this case, including Plaintiffs state-law claims, under *28 USC §§ 1331, 1343(3), 2201* and *201*.

**ANSWER: The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants do not contest this Court's jurisdiction.**

3. Plaintiff Abdul Buchanan is an African American man who resides in Kent County, Michigan.

**ANSWER: Defendants admit this allegation upon information and belief.**

4. Defendant Todd Wuis is a sworn police officer of the City of Grand Rapids which is a Michigan municipality which operates the Grand Rapids Police Department.

**ANSWER: Admitted, except that the City of Grand Rapids ("City") is a municipal corporation and the Grand Rapids Police Department ("GRPD") is a department of the City.**

5. Defendant City of Grand Rapids is a Michigan municipality which operates the Grand Rapids Police Department.

> **ANSWER**: **Admitted, except that the City of Grand Rapids ("City") is a municipal corporation and the Grand Rapids Police Department ("GRPD") is a department of the City.**

6. At all times Defendant Wuis was acting under color of law.  He is being sued in his individual capacity.

> **ANSWER**:  **The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that Defendant Wuis was acting under the color of state law at all times relevant to this action, but Defendants deny as untrue any allegation or implication that Defendant Wuis violated any right of the Plaintiff warranting his being sued in his individual capacity.**

7. Defendant Wuis is not entitled to qualified immunity because he violated Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights of which any reasonable state actor would have known.

> **ANSWER**:  **The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegation as untrue.**

8. Defendant Wuis is not entitled to any immunity for Plaintiff's gross negligence state claim pursuant to *MCL 691.1407(1)(c)*.

> **ANSWER**:  **The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegation as untrue.**

9. Venue is proper within this District pursuant to *28 USC § 1391(a)(I)* and *(2)*, since the events which give rise to this action all took place in Kent County, Michigan and both Defendants are located here.

**ANSWER**: **The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants do not contest venue.**

## COMMON ALLEGATIONS OF FACT

10. At all relevant times, Plaintiff Abdul Buchanan was a 16-year-old Black male.

**ANSWER**: **Admitted upon information and belief.**

11. On or about July 19, 2021, Defendant Officer Wuis was on patrol with his K-9 "Rico" in the City of Grand Rapids at Leonard and Monroe Streets in Grand Rapids, Michigan.

**ANSWER**: **Admitted to the extent that this allegation refers to the facts relating and/or leading up to Plaintiff's interaction with Defendant Wuis. Defendants deny all other allegations and implications in the form and fashion stated as untrue.**

12. Defendant Wuis received information about five Black males running with guns in the area of Alexander.

**ANSWER**: **Admitted to the extent that dispatch relayed information at various times and in pertinent part re: "five people with guns running towards intx, guns in hands" "All B/M'S" and "Fled on foot EB on Alexander." Defendants deny all other allegations and implications in the form and fashion stated as untrue.**

13. Defendant Wuis was advised that the group of suspects were involved in a spate of carjackings in Grand Rapids, one of which involved a shooting.

**ANSWER**: **Denied as untrue in the form and fashion stated, but admitted that Defendant Wuis was advised that the group of suspects were involved in the recent**

**carjackings that had been taking place throughout the City of Grand Rapids, all involving guns, and including one person being shot.**

14.     Defendant Wuis was advised that two Black males in grey sweatshirts "were the ones who had the guns."

**ANSWER:   This allegation appears to refer to a document as it uses quotation marks and the document speaks for itself. To the extent that the allegation intends to quote from Incident Report, 21-043997, Defendants admit that it contains this information and quotation.**

15.     While police were in the area, Plaintiff was riding a scooter on Fisk with a shirtless friend operating a second scooter.

**ANSWER:   Denied in the form and fashion stated as untrue, incomplete and misleading. Admitted only that at some point Plaintiff was observed riding a scooter with another suspect that was not wearing a shirt but had a black ski mask on his head and one of them was reported to have a gun.**

16.     Defendant Wuis and his K-9 Rico, "were hiding in front of the house at the intersection of Fisk/Fuller" and instructed to make contact with Plaintiff and his shirtless friend.

**ANSWER:   This allegation appears to refer to a document as it uses quotation marks and the document speaks for itself. To the extent that the allegation intends to quote from Incident Report, 21-043997, Defendants admit that it contains this information and quotation.**

17. When Plaintiff approached Fisk and Fuller Streets multiple police officers appeared and, with guns drawn, and ordered Plaintiff to stop.

**ANSWER**: **Denied in the form and fashion stated as untrue, incomplete and misleading. Admitted only that Defendant Wuis, with K9 Rico on a leash, gave at least two verbal commands to Plaintiff and the other suspect to stop as they approached the officer on the scooters.**

18. Plaintiff immediately complied, came to a dead stop and raised his hands in the air in surrender.

**ANSWER**: **Denied as untrue.**

19. Despite his immediate compliance and surrender, Defendant Wuis deployed and instructed his K-9 Rico to viciously attack and bite Plaintiff.

**ANSWER**: **Denied in the form and fashion stated as untrue, incomplete and misleading. Admitted only that Defendant Wuis appropriately deployed K-9 Rico to apprehend the suspects as they fled.**

20. Despite Plaintiff's screams of pain, and the objections of bystanders, Defendant Wuis refused to immediately call off his K-9 Rico.

**ANSWER**: **Denied as untrue.**

21. Defendant Officer Wuis caused Plaintiff to be charged with "Resisting and Obstructing," which charges were later dismissed because Plaintiff had not committed the manufactured offense.

**ANSWER**: **Denied in the form and fashion stated as untrue, incomplete and misleading. Defendants state affirmatively that Plaintiff was charged with resisting and obstructing as well as absconding probation. Defendants admit that the**

**particular charge of "resisting and obstructing" was later dismissed. However, Defendants deny as untrue any allegation or implication that Plaintiff had not committed any offense or that any offense charged was "manufactured".**

**<u>COUNT I</u>**
**USE OF EXCESSIVE FORCE IN VIOLATION OF**
**PLAINTIFF'S CLEARLY ESTABLISH FORUTH AMENDMENT**
**RIGHTS PURSUANT TO *42 USC § 1983***

22.     Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

**ANSWER**:     **Defendants incorporate by reference and re-assert in full their answers to each allegation above.**

23.     *42 USC ¶ 1983* provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and shall be liable to the party injured in an action at law, suite or in equity, or other appropriate proceedings for redress.

**ANSWER**:     **The allegation purports to be a statement of law to which no response is required. To the extent that a response is required, Defendants do not contest any language actually contained in 42 USC § 1983, but deny as untrue that either Defendant is liable to Plaintiff under such statute as no deprivation of any rights, privileges or immunities secured by the constitution occurred in this case.**

24. Plaintiff is a citizen of the United States and Defendant Wuis is a "person" under *42 USC § 1983.*

**ANSWER:    The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that Defendant Wuis is a person. Defendants neither admit nor deny that Plaintiff is a citizen of the United States as they do not have sufficient information or knowledge upon which to form a belief as to the allegation.**

25. At all times, Defendant Officer Wuis was acting under color of state law and his acts or omission were conducted within the scope of his official duties or employment.

**ANSWER:    Defendants incorporate their response to Paragraph 6 above in full.**

26. Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable searches, seizures and excessive force by state actors like Defendant Wuis and his gratuitous deployment K-9 Rico.

**ANSWER:    The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that the deployment of K-9 Rico was "gratuitous." Defendants further deny as untrue any allegation or implication that Defendant Wuis violated any clearly established constitutional rights in this case.**

27. The Fourth Amendment to the U.S. Constitution requires police and other state actors to use only "reasonable" force when searching and/or seizing a person.

**ANSWER:    The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue any allegation or**

**implication that Defendants violated any clearly established constitutional rights in this case.**

28. When commanded by Defendant Wuis and the Grand Rapids Police to come to a full stop and show his hands, Plaintiff voluntarily did so.

**ANSWER: Denied in the form and fashion stated as untrue, incomplete and misleading.**

29. Plaintiff's voluntary, compliant, peaceful surrender and submission to law enforcement was obvious, unmistakable and clear.

**ANSWER: Denied as untrue.**

30. Despite Plaintiff's voluntarily compliance, Defendant Wuis gratuitously and unreasonably used excessive force when he deployed his K-9 Rico to viciously attack Plaintiff, who was of no threat of flight or fight.

**ANSWER: The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegation as untrue.**

31. Plaintiff was charged with "Resisting and Obstructing" to cover-up and whitewash Defendant Wuis' unlawful deployment of his K-9 Rico.

**ANSWER: Admitted only that Plaintiff was charged with "Resisting and Obstructing." All other allegations and implications are denied as untrue.**

32. The false charges of "Resisting and Obstructing" initiated by Defendant Wuis were later dismissed.

**ANSWER: Denied as untrue that the charges of "Resisting and Obstructing" were false. Admitted only that the charge of "Resisting and Obstructing" was dismissed at a later date.**

9

33. As a direct and proximate result of Defendant Wuis' unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries to his bitten extremities, permanent serious disfigurement, humiliation, degradation, emotional distress, embarrassment, fear, PSTD, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ANSWER:   The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that Defendant Wuis engaged in "unlawful acts." With respect to the allegations of injury, Defendants do not have sufficient information or knowledge to form a belief as to the existence, nature or extent of such injuries, if any, but deny as untrue that injuries, if any, were the result of any unlawful act.**

**ACCORDINGLY**, Plaintiff asks this Court to enter Judgment against Defendants Wuis in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest, and other relief set forth in *42 USC §§ 1983, 1985, and 1988.*

**THEREFORE,** Defendants respectfully ask this Court to enter Judgement against Plaintiff, and to award Defendants such other relief as this Court deems just.

## COUNT II

### DISCRIMINATION BASED ON RACE IN VIOLATION OF PLAINTIFF'S GUARANTEED RIGHT TO EQUAL PROTECTION UNDER THE LAW

34. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

**ANSWER:** **Defendants incorporate by reference and re-assert in full their answers to each allegation above.**

35. The *Fourth Amendment's Equal Protection Clause* requires state actors to treat all persons equally without regard to gender and/or race.

**ANSWER**: **The allegation is a conclusion of law to which no response is required. To the extent that a response is required, Defendants do not contest any language actually contained in the Fourth Amendment or the Equal Protection Clause, but Defendants deny as untrue any allegation or implication that either Defendant violated the Fourth Amendment or the Equal Protection Clause in this case or that they engaged in unequal treatment of Plaintiff based on race or gender.**

36. Plaintiff, as an African American male, is part of a protected class.

**ANSWER**: **The allegation purports to be a statement of law to which no response is required. To the extent that a response is required, Defendant does not contest that Plaintiff is an African American male and a member of a protected class based on race.**

37. Defendant Wuis was predisposed to treat Plaintiff differently from similarly situated persons who he had seized in the past because of Plaintiff's protected status.

**ANSWER**: **Denied as untrue.**

38. In this case, Defendant Wuis treated Plaintiff differently from such similarly situated persons in that he deployed his K-9 Rico to attack Plaintiff because of his race.

**ANSWER**: **Denied as untrue.**

39. Among other things, Defendant Wuis' gratuitous deployment of his K-9 Rico to attack Plaintiff, an offense of particular historical significance to persons of color, is a reflection and/or manifestation of his animus towards Plaintiff because of his protected status.

**ANSWER**:   **Denied as untrue.**

40. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries, emotional distress, humiliation, degradation, embarrassment, fear, PTSD, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ANSWER**:   **The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that Defendant Wuis engaged in "unlawful acts." With respect to the allegations of injury, Defendants do not have sufficient information or knowledge to form a belief as to the existence, nature or extent of such injuries, if any, but deny as untrue that injuries, if any, were the result of any unlawful act.**

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendants Wuis in an amount to compensate Plaintiff fairly and adequately for the injuries sustain including all damages of any nature to which he may be entitled including, all compensatory, exemplary and/or punitive damages, costs, interest, and other relief set forth in *42 USC §§ 1983, 1985 and 1988*.

**THEREFORE,** Defendant Wuis respectfully requests this Court to enter Judgement against Plaintiff and to award Defendant Wuis such other relief as this Court deems just.

## COUNT III

## MONELL CLAIM AGAINST THE CITY OF GRAND RAPIDS

41. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

**ANSWER:   Defendants incorporate by reference and re-assert in full their answers to each allegation above.**

42. Defendant City of Grand Rapids, as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Wuis, who use excessive force when seizing compliant citizens, like Plaintiff, and/or acquiesce and/or tolerate, the systemic use of unnecessary, unreasonable and excessive force against persons of color.

**ANSWER:   Denied as untrue.**

43. Defendant City of Grand Rapids as a matter of practice, policy and custom has, with deliberate indifference failed to train, supervise, sanction or discipline officers, like Defendant Wuis, who selectively use excessive force based on race, as Plaintiff was treated in this case, in violation of the *Equal Protection Clause*.

**ANSWER:   Denied as untrue.**

44. At the time of the constitutional deprivations described above, the City of Grand Rapids failed to properly train and/or supervise its officers in the proper use of force, and the contours of the *Fourth* and *Fourteen Amendments*.

**ANSWER:   Denied as untrue.**

45. As a direct and proximate result of Defendants Wuis' conduct, Plaintiff endured suffering, pain, terror, pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

**ANSWER**: **The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that Defendant Wuis or the City of Grand Rapids engaged in any wrongful or illegal conduct. With respect to the allegations of injury, Defendants do not have sufficient information or knowledge to form a belief as to the existence, nature or extent of such injuries, if any, but deny as untrue that injuries, if any, were the result of any wrongful or illegal conduct by either Defendant.**

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant City of Grand Rapids in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled to including, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§ 1983, 1985 and 1988.*

**THEREFORE,** Defendant, City of Grand Rapids, respectfully requests this Court to enter judgment against Plaintiff and to award Defendant such other relief as this Court deems just.

## COUNT IV
## GROSS NEGLIGENCE

46. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

**ANSWER: Defendants incorporate by reference and re-assert in full their answers to each allegation above.**

47. Defendant Wuis was on duty and acting within the scope of his employment with Grand Rapids when he engaged in the wrongful conduct described above and gratuitously deployed K-9 Rico to attack and bite Plaintiff who had already surrendered.

**ANSWER: The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit only that Defendant Wuis was on duty and acting under the color of state law at all times relevant to this action, but Defendants deny as untrue all other allegations or implications in this paragraph.**

48. Defendant Wuis engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

**ANSWER: The allegation states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny as untrue all allegations or implications in this paragraph.**

49. As the direct and proximate result of Defendant Wuis' gross negligence, Plaintiff suffered severe and permanent injuries including but not limited to neurological injuries his bitten extremities, emotional distress, humiliation, degradation, embarrassment, PTSD, fear, loss of the enjoyments and pleasures of life, depression, sadness, anxiety, and other economic and non-economic injuries that will continue during and beyond this litigation.

**ANSWER: The allegation states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that Defendant Wuis committed gross negligence. With respect to the allegations of**

**injury, Defendants do not have sufficient information or knowledge to form a belief as to the existence, nature or extent of such injuries, if any, but deny as untrue that injuries, if any, were the result of gross negligence by Defendant Wuis.**

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendants Wuis and the City of Grand Rapids, jointly and severally, in an amount to compensate Plaintiff fairly and adequately for the injuries sustained including all damages of any nature to which he may be entitled, all compensatory, exemplary and/or punitive damages, costs, interest and other relief set forth in *42 USC §§ 1983, 1985 and 1988*.

**THEREFORE**, Defendants respectfully request this Court to enter judgment against Plaintiff and to award Defendants such other relief as this Court deems just.

## AFFIRMATIVE DEFENSES

DEFENDANTS, by and through their counsel, give notice that they may establish and rely upon at trial, or during any pretrial proceedings, the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity, as no reasonable officer in the individual Defendant's position would have believed his or her actions were unlawful, and Plaintiff cannot establish a violation of any clearly established constitutional right.

3. Defendants are entitled to good faith immunity because Defendants had an honest belief that the actions (or inactions) were reasonable responses to the totality of the circumstances as they appeared at the time.

4. Defendants are entitled to any and all privileges and immunities provided by law.

5. Plaintiff's claims are barred, in whole or in part, by waiver.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands or estoppel.

7. Some or all of Plaintiff's alleged injuries and/or damages were brought about, in whole or in part, through his own misconduct, and therefore recovery is barred.

8. Some or all of Plaintiff's alleged injuries and/or damages were brought about, in whole or in part, by his own negligence, fault, or want of care, and therefore may be reduced or barred.

9. Any acts or omissions of Defendants were not the proximate cause of Plaintiff's alleged injuries and/or damages.

10. Some or all of Plaintiff's alleged injuries and/or damages were caused, or contributed to, by the acts omissions of Plaintiff or others for whom Defendants are not legally responsible.

11. The City of Grand Rapids cannot be held vicariously liable for any actions or inactions of its employees.

12. If the evidence revealed during discovery supports the argument, Defendants reserve the right to contend that Plaintiff failed to mitigate his alleged damages.

13. Defendants reserve the right to supplement and/or amend their Affirmative Defenses if additional defenses are revealed during the course of discovery.

## **RELIANCE ON JURY DEMAND**

DEFENDANTS, by and through their counsel, hereby rely upon the Jury Demand filed by Plaintiff in this action.

                                           CITY OF GRAND RAPIDS, a
                                           Michigan municipal corporation

Dated: July 31, 2023               By:    */s/ Elizabeth J. Fossel*      .
                                                                       Elizabeth J. Fossel (P41430)
                                                                         Director of Civil Litigation
                                                                         Attorney for Defendants
                                                                         300 Monroe Avenue NW, Ste. 620
                                                                         Grand Rapids, MI 49503
                                                                         efossel@grand-rapids.mi.us