UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ABDUL BUCHANAN,

    Plaintiff,

v

TODD WUIS, in his individual capacity, and the CITY OF GRAND RAPIDS, a Michigan municipal corporation,

    Defendants.

Case No.  1:23-cv-00494

Hon. Paul L. Maloney

---

Joel B. Skylar (P38338)
LAW OFFICES OF JOEL B. SKYLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
(313) 963-4529
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702
tperkins@perkinslawgroup.net

Elizabeth J. Fossel (P41430)
Megan E. Luptowski (P84826)
Attorneys for Defendants
300 Monroe Avenue NW, Suite 620
Grand Rapids, MI 49503
(616) 456-3802
efossel@grand-rapids.mi.us
mluptowski@grand-rapids.mi.us

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

### ***ORAL ARGUMENT REQUESTED***

Defendants, TODD WUIS and THE CITY OF GRAND RAPIDS, by and through their attorney, Megan E. Luptowski, Assistant City Attorney for the City of Grand Rapids, hereby state for their Brief in Support of Defendants Motion to Compel pursuant to Fed. R. Civ. P. 37(a) as follows:

I. **BACKGROUND**

On May 12, 2023, Plaintiff Abdul Buchanan filed his complaint against Defendants Todd Wuis and the City of Grand Rapids. (ECF No. 1). On August 29, 2023, the Court entered its Case Management Order and set the completion of discovery for May 31, 2024. (ECF No. 14).

In compliance with the Court's Case Management Order and the Federal Rules, Defendants served their First Discovery Requests on Plaintiff on November 20, 2023. These requests included interrogatories pursuant to Fed. R. Civ. P. 33 and requests for production pursuant to Fed. R. Civ. P. 34. Under those rules, Plaintiff had 30 days to respond, making the deadline for Plaintiff's responses December 20, 2023. Plaintiff did not respond and at no point did Plaintiff's counsel ask Defendants for more time to respond to discovery.

On January 3, 2024, Defendants' counsel sent an email to Plaintiff's counsel noting the deadline for Plaintiff's responses had passed. In that email, Defendants' counsel expressly stated that given the untimely responses any objections were waived, and Defendants would expect full and complete responses. The same day, Plaintiff's counsel responded stating, "I will check the status with my client. You should have them in the week to 10-days." Defendants did not receive any responses in that time. (Ex. A).

On January 18, 2024, Defendants' counsel again sent an email to Plaintiff's counsel noting that the 10-day mark had passed and inquiring on the status of the discovery responses. The same day, Plaintiff's counsel responded stating, "I will contact Mr. Buchanan to see the status. I will make this a priority." (Ex. B).

On January 23, 2024 (a month after the discovery deadline), Plaintiff's counsel emailed Defendants stating that his client "is almost done with the answers. Hoping to have them tomorrow." (Ex. C).

On January 30, 2024, Plaintiff's counsel sent an email with unsigned draft responses to Defendants. (Ex. D). The document was entitled "DraftResponses.pdf". The draft responses were signed only by Plaintiff's counsel and not signed by Mr. Buchanan. (Ex. E). Plaintiff's counsel stated in his email that he had asked his client to review the responses and would send "verified" responses as soon as he heard back from his client. After January 30, 2024, Plaintiffs' counsel did not provide any such verification or follow-up with Defendants.

On February 20, 2024, Defendants' called Plaintiff's counsel to discuss the status of the discovery responses and address apparent deficiencies in the draft responses. Plaintiffs' counsel indicated that if Defendants were unhappy with the discovery responses they should file a motion to compel. Plaintiff's counsel insisted that verified responses and authorizations for the release of records requested by Defendants would be provided at a later unspecified date. When Defendants' counsel broached the topic of objections being waived, Plaintiff's counsel disagreed.

On February 26, 2024, Defendants filed this Motion to Compel and Brief in Support. As of this filing, Defendants still have not received adequate discovery responses as required by the Federal Rules of Civil Procedure.

In contrast to Plaintiff's failure to respond, Defendants promptly responded to Plaintiff's discovery. On November 7, 2023, Defendants received discovery requests from Plaintiff. Similar to Plaintiff, Defendants had 30 days to respond. The deadline for Defendants' responses was December 7, 2023. On that day, Defendants timely sent Plaintiff's counsel discovery responses and objections. Defendant produced roughly 593 pages of documents in response to Plaintiff's requests to produce.

## II. LAW AND ARGUMENT

### A. Untimely Responses and Waiver of Objections

Plaintiff has not provided timely discovery responses or objections and has not shown good cause for failure to do so. Therefore, Plaintiff has waived any objections and Defendants are entitled to full and complete responses.

Federal Rules of Civil Procedure 33 and 34 give parties 30 days to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). As to objections, "Any ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added). Therefore, "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Sisser North America, Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich 2018); see also, *Michigan Dep't of Env't, Great Lakes, & Energy v. Mueller*, No. 1:20-CV-528, 2022 WL 7717529, at *2 (W.D. Mich. May 17, 2022).[1]

The circumstances of each case are examined to determine whether there is good cause for excusing failure to timely respond to discovery. *Carfagno v. Jackson National Life Ins.*, No. 5:99-cv-118, 2001 WL 34059032 at *1 (W.D. Mich. Feb. 13, 2001); see also *Michigan Dep't of Env't, Great Lakes, & Energy v. Mueller*, No. 1:20-CV-528, 2022 WL 7717529, at *1 (W.D. Mich. May 17, 2022). Courts consider circumstances such as the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable. *Id.* (citing *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa. 1979). It is insufficient to merely assert that the other party has not been prejudiced." *Carfagno*, 2001 WL 34059032 at *2.

---

[1] All unpublished cases are attached as Exhibit F.

In *Carfagno v. Jackson National Life Ins.*, the court explained the importance of enforcing the time limits of the Federal Rules:

> If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases. Any other result would … completely frustrate the time limits contained in the Federal Rules and give license to litigants to ignore the time limits for discovery without any adverse consequences. Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them.

*Carfagno v. Jackson National Life Ins.*, No. 5:99-cv-118, 2001 WL 34059032 at *1 (W.D. Mich. Feb. 13, 2001) (internal citations omitted).

Given the interest in enforcing the time limits for discovery, courts consistently and quickly deal with parties who do not meet their discovery obligations. *Cain v. City of Detroit*, No. 20-cv-11099, 2022 WL 3337135 at *2 (E.D. Mich. April 22, 2022) (finding objections were waived by failure to object within thirty days provided by Rules 33 and 34); *United States v. Thody*, No. 1:19-cv-339, 2020 WL 13553263 at *1 (W.D. Mich. Sept. 30, 2020) (ordering defendant to fully answer discovery where defendant waived objections by failing timely to assert them); *Galinis v. Branch Cty.*, No. 1:14-cv-460, 2015 WL 2201696 at *2 (W.D. Mich. May 11, 2015) (holding that the plaintiff's untimely objections to document requests and interrogatories were waived); *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (E.D. Ky. 2006) ("Defendants correctly point out that any objections plaintiffs may have had to the interrogatories in question have been waived.").

Here, there is no question that Plaintiff has failed to timely respond to discovery and consequently has waived any objections.

The deadline for Plaintiff's discovery responses was December 20, 2023, and Defendants did not receive any discovery by that date. Plaintiff never asked for additional time to respond and still has not provided adequate responses or produced *any* documents. As the precedents above

make clear (including case law of this district), absent a showing of good cause by Plaintiff, Defendants are entitled to full and complete responses to Defendants' First Discovery Requests.

Plaintiff has not shown good cause and the circumstances here do not warrant the Court excusing Plaintiff's tardiness in responding to discovery requests.

First, throughout Defendants communications with Plaintiff, Plaintiff has provided **no** reason for failure to comply with his discovery obligations.

Instead of explaining his untimely responses, Plaintiff's counsel provided incomplete draft responses unsigned by Plaintiff over a month after the discovery deadline. Interrogatories must be answered by the party to whom they are directed, Fed. R. Civ. P. 33(b)(1)(A), and signed by that person, Fed. R. Civ. P. 33(b)(5). The draft discovery responses that were provided do not meet the requirements of Rule 33.

Secondly, Plaintiff's refusal to participate in the discovery process has prejudiced Defendants. Discovery closes in this matter on May 31, 2024. By failing to respond in a timely manner and still not having provided any documents to Defendants, Plaintiff continues to shorten the time in which Defendants can conduct discovery. For example, Defendants have not received authorizations for the release of medical records (or authorizations for any other records for that matter) and cannot begin to seek out those records from providers. Defendants cannot conduct any follow-up discovery or depositions related to those documents.

Plaintiff is also impacting the possibility that this case can be resolved between the parties without a trial. Mediation is scheduled to take place on March 5, 2024. Defendants must now go into this mediation without any information from Plaintiff, whereas Plaintiff has received complete discovery from Defendants. In addition, generally Defendants cannot fully discuss settlement with

6

Plaintiff without any medical documentation. Plaintiff's refusal to cooperate during the discovery process is stalling this litigation and the legal process.

Finally, Defendants' First Discovery Requests were reasonable and proper. This Court's Case Management Order allows 25 interrogatories and 25 requests for production of documents. (ECF No. 14). Defendants served Plaintiff with 14 interrogatories and 10 requests for production. These discovery requests were not unduly burdensome on Plaintiff. That these were reasonable requests is buttressed by the fact that Plaintiff never indicated needing more time to respond before or after the discovery deadline had passed. The discovery requests were facially proper and did not give rise to good cause for ignoring the timelines set forth by the Federal Rules.

The circumstances here simply do not warrant excusing Plaintiff for failing to timely meet his discovery obligations. As Plaintiff cannot meet his burden of showing good cause, his objections are waived under Rule 33(b)(4).

### B. Deficiencies of the Draft Responses

In addition to not meeting the basic signature requirements and time limits of Rule 33, the draft responses provided by Plaintiff's counsel are incomplete. Even where Plaintiff did not object to a request or responded subject to objections, Plaintiff failed to fully answer each interrogatory or provide documents. (see generally Ex. D).

For example, in Interrogatory No. 2, Defendants asked for Mr. Buchanan's complete educational history including the name and address of each and every school he attended and the dates of attendance. (Ex. D, pp. 1-2). Plaintiff did not provide the address of the schools he listed or the dates of attendance.

Similarly, in Interrogatory No. 3, Defendants asked whether Mr. Buchanan had been convicted of any criminal offenses and if so to provide the date of conviction, the name or type of

7

crime, the sentence imposed, the name and location of the court, the case number, and the name of any probation or parole officer. (Ex. D, pp. 2) Plaintiff gave some information, but did not provide the case number, the court, or the specific date of conviction.

In Interrogatory No. 7, Defendants also requested information related to medical treatment received by Mr. Buchanan. (Ex. D, pp. 3). Defendants specifically requested that for each injury Plaintiff identified that he stated the name, address, and telephone number of any medical provider he has seen for that injury (including but not limited to any medical doctor, counselor, social worker, therapist, psychologist or psychiatrist), and the date(s) he was treated by that provider. Plaintiff made no objections and identified several injuries and indicated he has sought surgical advice. However, Plaintiff did not identify any medical providers by name, provide any contact information, or provide any dates of treatment.

Turning to the requests for production of documents, Plaintiff has provided **no** documents whatsoever. In Requests to Produce Nos. 1, 4, 5, and 6, Defendants requested several authorizations for the release of records and has received none. (Ex. D, pp. 5-6). This included the authorization for release of medical records that Plaintiff's draft responses state is "[a]attached". It was not. Moreover, as to the requests for authorizations for the release of educational and employment records, Plaintiff chose to simply respond "N/A" (which Defendants assume means not applicable). This is not an objection or an appropriate response to a discovery request. In sum, Defendants have requested and are entitled to authorizations for the release of medical records, criminal records, school records, and employment records.

As shown by these few examples, Plaintiff has not provided complete responses to the majority of Defendants' discovery requests. In the cooperative process of discovery, evasive or incomplete responses are treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). Overall, Plaintiff

has failed to respond to Defendants' discovery requests thus necessitating this Motion to Compel and the intervention of the Court (which Plaintiff's counsel, himself suggested).

Even if the Court excuses Plaintiff's untimely responses, Defendants ask that the Court compel Plaintiff to fully respond to Defendants' discovery requests and produce all records and authorizations requested.

### III.     CONCLUSION AND RELIEF REQUESTED

Wherefore, Defendants request that this Honorable Court enter an Order:

A. Finding that Plaintiff has failed to timely respond to Defendants' Interrogatories and Requests to Produce, dated November 20, 2023, and has therefore waived any objections pursuant to Fed. R. Civ. P. 33(b)(4);

B. Compelling Plaintiff to fully and completely respond to Defendants' First Discovery Requests;

C. Requiring Plaintiff to pay Defendants reasonable expenses incurred in making this motion, including attorney's fees, in accordance with Fed. R. Civ. P. 37(a)(5)(1);

D. Awarding Defendants such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

Dated:  February 26, 2024              By: /s/ Megan E. Luptowski        .
                                       Megan Luptowski (P84826)
                                       Assistant City Attorney
                                       Attorney for Defendants
                                       300 Monroe Ave. NW, Ste. 620
                                       Grand Rapids, MI 49503
                                       (616) 456-4028

## CERTIFICATE OF COMPLIANCE WITH W.D. Mich. L. CIV. R. 7.3(b)(ii)

This Brief was prepared by the use of Microsoft Word 365 and contains 2,310 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(b)(ii).

Respectfully submitted,

Dated:  February 26, 2024          By: */s/ Megan E. Luptowski*          .
                                        Megan Luptowski (P84826)
                                        Assistant City Attorney
                                        Attorney for Defendants
                                        300 Monroe Ave. NW, Ste. 620
                                        Grand Rapids, MI 49503
                                        (616) 456-4028