# EXHIBIT E

AUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ABDUL BUCHANAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TODD WUIS, in his individual capacity, and the )<br>CITY OF GRAND RAPIDS, a Michigan )<br>municipal corporation, )<br>)<br>Defendants. ) | Case No. 1:23-cv-494<br>Hon. Paul L. Maloney |

**PLAINTIFF ABDUL BUCHANAN'S ANSWERS AND OBJECTIONS
TO DEFENDANTS' FIRST DISCOVERY REQUESTS**

Plaintiff Abdul Buchanan, by and through his counsel, submits the following Answers and Objections to Defendants' First Discovery Requests as follows:

**INTERROGATORIES TO PLAINTIFF**

1. State your full name, any aliases or other names which you go by or have used, every residence address you have had for the past ten years, your date of birth, and for each state in which you hold a driver's license or other state-issued identification, the license or identification number and expiration date of that license or identification.

**ANSWER: Abdul Qawi Buchanan. Family nickname "Wheezy" since he was a child**

      No driver's license or identify card

      DOB 2/7/2005

2. State your complete educational history, providing the name and address of each and every school you attended, the dates of attendance, highest grade or class obtained, and whether a degree was conferred.

**ANSWER:** Started at Ottawa Hills and transferred to Success/Link Learning. No diploma. 11th Grade

3. Have you ever been convicted of any criminal offense, including but not limited to any traffic offenses? If so, for each conviction, provide: the date of conviction, the name or type of crime for which you were convicted, the sentence imposed, the name and location of the court, the case number for each criminal matter, your place of incarceration, and the name of your parole and/or probation officer(s).

**ANSWER:** Plaintiff objects to this interrogatory because it seeks information which is irrelevant, disproportionate to the needs of the case, and for the reasons set forth in FRE 403 and FRE Without waiving such objections, yes. Juvenile malicious destruction of property. December 2019. Kent County. Placed on probation. Kent County PO Jevon Granderson.

4. Since the date of the incident in your Complaint (July 19, 2021), have you been arrested for any reason? If so, provide the date and location of arrest, identify the arresting law enforcement agency, and the reason for the arrest.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks irrelevant information or violates FRE 403 and/or FRE 609. Without waiving such objections, yes. Arrested for domestic charges because of family dispute but charges dropped.

5. Do you now have, or have you ever had, any gang involvement? If so, please provide the name of the gang(s).

**ANSWER:** No.

6. Have you ever possessed a firearm? If so, please identify each firearm you have possessed and identify the date of possession, the owner(s) of the firearm(s), the reason(s) for your possession, and the current location of each firearm.

**ANSWER:** Plaintiff objects to this interrogatory because it is vague, confusing, ambiguous and overbroad, irrelevant and disproportionate to the needs of the case. By way of illustration, The term "firearm" fined.  Without waiving such objection, Plaintiff never possessed a gun.

7. Please specifically identify all facts that support any claim for any emotional, mental, psychological and/or physical injuries or damages that you claim are a result of the incident alleged in your Complaint, including but not limited to any diagnosis of and/or treatment for any medical condition or injury. For each injury identified, please state the name, address, and telephone number of any medical provider you have seen for that injury (including but not limited to any medical doctor, counselor, social worker, therapist, psychologist or psychiatrist), and the date(s) you were treated by that provider.

**ANSWER:** Pain, fright, humiliation, shock, agony, the entire experience was traumatizing and terrible. Will never leave me. Was treated at Trinity Health ER. Plaintiff has permanent keloids and sought surgical advise.

8. Please state the name, address, and telephone number of each and every medical provider whom you have seen, for any reason, including any medical doctor, nurse or nurse practitioner, counselor, therapist, social worker, psychologist, or psychiatrist, and for each provider, identify the condition, illness, injury, or other reason you sought their care, as well as all dates on which you sought care.

**ANSWER:** Plaintiff has no PCP. Plaintiff did receive a Covid shot from a doctor but does not recall the name.

9. State whether you are claiming any other element of damages, including compensatory damages, punitive damages, and attorney fees/costs and, if so, the amount thereof, and the basis for computing the same.

3

**ANSWER:** Plaintiff did not suffer an economic loss, other than any medical liens related to his care and treatment at the time of the incident.

10. Have you ever owned/used/possessed a cell phone, whether listed in your name or in the name of someone else for which you were the primary or regular user of that phone? If so, for each such phone, please identify the registered owner of that phone (even if yourself), that person's address and telephone number, the number of the cell phone, and the provider for that phone (i.e. Verizon, AT&T, etc.).

**ANSWER:** Plaintiff objects to this interrogatory because it is overbroad, irrelevant and disproportionate to the needs of the case and calls for disclosure of privileged and/or private matters which are entirely irrelevant to any claim or dispute related to this matter. Without waiving such objection, Plaintiff owns a cell phone.

11. Identify each and every internet-based social media or social networking site you have used, on which you received or transmitted any information, and for each, identify the name under which you are or were registered, the account number, the user-or screen-name and the date(s) on which the account was activated and/or deactivated. Social media or social networking accounts include, but are not limited to: Facebook, Twitter, Instagram, LinkedIn, Pinterest, MySpace, Snapchat, TikTok, Vine, YouTube, Google+, Flickr, etc.

**ANSWER:** Plaintiff objects to this interrogatory because it is overbroad, irrelevant and disproportionate to the needs of the case and calls for disclosure of private matters which are entirely irrelevant any aspect of this excessive force case.

12. State whether you have any photographs, videos, or other recordings (whether visual or audio) of any of the persons, places, or things related to the subject matter of your Complaint. Please state the name and address of the person or persons by whom each was taken, state when and where each was taken, give a brief description of what each photograph or

4

recording represents, and give the name and address of the person or persons who have present custody of such photographs or recordings.

**ANSWER:** **Recordings from police are the only ones known to exist by Plaintiff.**

13. Identify each and every employer you have had, including any company or person for which you worked as a temporary or independent contractor, and for each provide the name of the employer, the address and phone number for your employer, your supervisor's name and title, and the dates which you worked.

**ANSWER:** **Plaintiff last worked at the Amazon Warehouse 30951 Trade Drive, GR.  Four months, 2023**

14. Please identify by name, address, and telephone number each and every person with whom you interacted on the date of the incident described in your Complaint.

**ANSWER:** **Plaintiff objects to this interrogatory because it is overbroad, ambiguous, confusing, irrelevant and disproportionate to the needs of the case. Without waiving such objection, Plaintiff does not know the names, address and telephone all persons with whom he came in contact. Plaintiff suspects the police report and other information gathered by law enforcement may have information responsive to this request.**

## <u>REQUESTS TO PRODUCE TO PLAINTIFF</u>

1. AUTHORIZATION FOR RELEASE OF EDUCATIONAL RECORDS.

For each and every educational institution you identified in your response to Interrogatory No. 2, above, please execute the attached release for those records.

**RESPONSE: N/A**

5

2. Produce any and all medical records or documents which support or refute your claims for any emotional, mental, psychological, and/or physical injuries you claim as a result of the incident alleged in your Complaint in this Lawsuit.

**RESPONSE: See records from Trinity Health, the video recording of the gratuitous dog attack, Plaintiff's gut-wrenching screams of pain and terror while officer Wuis stood buy and encouraged his gratuitous dispatch of Rico on Plaintiff who was at all times compliant with the officer's commands. See police video tapes of the gratuitous Fourth Amendment violations and photos of injuries.**

3. Produce any and all documents which you believe support your claims or damages.

**RESPONSE: Please the response immediately above.**

4. AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS.

For each and every medical provider, including any psychologist, psychiatrist, counselor, social worker, or therapist, identified in your response to Interrogatories No. 4-5, above, please execute the attached release and authorization for medical records.

**RESPONSE: Attached**

5. AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

For each and every employer you identified in your response to Interrogatory No. 13, above, please execute the attached authorization for release of employment records.

**RESPONSE: N/A**

6. AUTHORIZATION FOR RELEASE OF CRIMINAL AND/OR JUVENILE RECORDS

For each and every conviction identified in your response to Interrogatory No. 3, please execute the attached authorization for release of criminal and/or juvenile records related to the conviction(s).

**RESPONSE: Plaintiff objects as to relevance, FRE 403, FRE 409 and any statutory and any state or federal statute which protects juvenile records from disclosure.**

7. PHOTOGRAPHS, AUDIO RECORDINGS, VIDEO, DRAWING, DIAGRAMS:

Produce a copy of any and all photographs, video records, audio recordings, and/or diagrams or drawings, which depict any matter relevant to your claims and which are in your possession, custody, or control.

**RESPONSE: See Police File police file**

8. Produce a copy of each and every subpoena or third-party request made by you or on your behalf by any other source, including your attorney(s), to any person, municipality, medical provider, business, or other entity for any information that is related to, supports, or refutes your claims in this Lawsuit. For each, produce any correspondence and documents received in response to your subpoena.

**RESPONSE: Plaintiff made a FOIA request which was withdrawn following the filing of this suit. The FOIA request was focused on all of the videos, recordings, runs sheets, etc., related to the seizure, search and detention of Plaintiff.**

9. For all cellular phone accounts identified in your response to Interrogatory No. 10, above, please produce all records, including any statements of account, and any records of text messages made or received by that phone, any photographs stored on your cell phone, any records of any calls made to or from that cell phone, which relate to this Lawsuit or your injuries alleged in this Lawsuit.

**RESPONSE: Plaintiff objects to this interrogatory because it is overbroad, irrelevant and disproportionate to the needs of the case and calls for disclosure of privileged and purely private matters which are entirely irrelevant and disproportionate to any aspect of this gratuitous excessive force case, all of which was captured on video tape which is conclusive unambiguous evidence of the facts which demonstrate Wuis's unlawful dispatch or use of Rico to inflict gratuitous harm on Plaintiff who was at all times compliant with the officer's commands. When there is indisputable video evidence of a fact, the court "should [view] the facts in the light depicted by the videotape."** *Scott v. Harris*, **550 U.S. 372, 381, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).**

10. For all social media accounts identified in response to Interrogatory No. 11, above, produce all social media postings made by you or to your account by another from July 19, 2020 to the present date.

**RESPONSE: Plaintiff objects to this request because it seeks irrelevant information disproportionate to the needs of the case.**

As to objections and Responses to Requests for Production of Documents only:

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
Attorney for Plaintiff
joel@joelbsklarlaw.com

Date:

**CERTIFICATE OF SERVICE**

The undersigned certifies that on _____, he caused to be served a copy of the foregoing document upon all counsel of record in this matter at their stated business address as disclosed by the pleadings herein via:

  XX   E-Mail          _____   First Class Mail

s/ Joel B. Sklar
Joel B. Sklar (P38338)

## **VERIFICATION**

I have read the foregoing Answers and Objections to Defendants' First Discovery Requests, which are based on a diligent and reasonable effort by me to obtain information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. Subject to these limitations, these Answers are true to the best of my present knowledge, information, and belief.

Subscribed and sworn to this _____ day of _____, 2023.

_____
ABDUL BUCHANAN